R. J. Albachten, Appellant, v. Woodland Hill Cemetery Association, Appellee.

*Opinion filed November 8, 1937.*

HENRY B. EATON, of Edwardsville, for appellant.

J. P. STREUBER, of Alton, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This action is brought to recover upon a promissory note claimed to have been executed on June 30, 1924, by Woodland Hill Cemetery Association, a corporation, to order of M. E. Turner, and by him indorsed and delivered to plaintiff. The note was for the principal sum of $3,500, due one year after date with interest at six per cent. Upon the back of the instrument appeared a memorandum, "I agree to sell to M. E. Turner 1250 shares of the Alton Barium Products Co. Preferred Stock for $58,895.00 Feb. 6, 1926.

(Signed) Aug. Luer."

The answer, which was verified, set up several defenses, the principal of which were that the defendant did not make and deliver the document sued upon, and also a failure of consideration. Trial by jury was waived and the cause submitted to the court, who after a hearing rendered judgment for defendant, to reverse which order this appeal has been perfected.

It appears that on June 30, 1924, defendant was a corporation operating a cemetery, that A. L. Petersen was president and M. E. Turner secretary of the concern, that at said date the defendant had in proper manner authorized the borrowing from Petersen and Turner of the sum of $7,000 to be used in improving the cemetery property, and that a note for $3,500 was executed by the corporation to each of said parties. The prime question is whether the instrument sued upon is one of the notes so executed. The document which forms the basis of this suit is signed: "Woodland Hill Cemetery Assn., by M. E. Turner, Sec."

It is shown by the proof that said payees of such notes did not put into the corporation, at the time they received the notes, any part of the amount called for by the instruments, but that some two months later August Luer, father-in-law of both Petersen and Turner, made them a present of $7,000, that $1,500 of this

went into the defendant for its uses, while the remaining $5,500 was employed by them in some other and different venture.

Petersen testified that upon such gift being made by Mr. Luer, he and Turner agreed to destroy said notes, that he so disposed of his, in which he is corroborated by the testimony of his wife, who stated that she witnessed its destruction, and that Turner agreed to do likewise with his note, the latter, however, denies this.

Turner deposed that the instrument in suit was the note which he executed in behalf of the defendant on June 30, 1924, and that it and the one executed and delivered to Petersen were both executed in the corporation's name by him as its secretary, and that Petersen, as president, did not sign either. Petersen testified that both were signed by himself as president and Turner as secretary. Mrs. Petersen stated that she saw the note given to her husband and that it bore the signature of her husband as president, and that of Turner as secretary.

August Luer testified that when on February 6, 1926, he signed the memorandum on the back of the note, which was nearly two years after the date when plaintiff claimed it was executed, no part of the face was filled out, that it was nothing but a blank note of the "Alton Banking and Trust Company," that he examined the face at that time, and that nothing thereon appeared except the blank printed form.

The by-laws, of which Turner as secretary was charged with knowing, required the signature of both president and secretary to all contracts of defendant.

The original note was certified to this court for our inspection. We find that the face of the note and Turner's indorsement upon the back are written in indelible lead pencil, while the memorandum upon the back relative to sale of Alton Barium Products Co. stock was written in ink.

It seems strange that a memorandum contract for the sale of stock for $58,895 would be written upon the back of a note for $3,500. Two contracts of such importance and dignity are not usually written upon the same scrap of paper, but are made the subject of separate and independent documents. Turner admits there was no scarcity of writing paper at the time Luer signed the memorandum which would have made necessary the writing of same upon the back of an existing promissory note for a large amount. Such practices are ordinarily not employed in business transactions of such magnitude.

If the testimony of August Luer is correct, that the face of the note was blank when he signed the memorandum, months after the time it is claimed the note was executed, and the evidence of Petersen that both notes executed on June 30, 1924, bore the signatures of himself as president and Turner as secretary, is true, then it follows that the note sued upon was not executed on June 30, 1924, as alleged in the complaint. The verified answer of defendant, denying the execution of the instrument, imposed upon plaintiff the burden of proving such execution.

The trial court, sitting without a jury, was in position to determine the credibility of the witnesses and to find the facts, and with his determination we cannot interfere unless we are constrained to hold that it was contrary to the manifest weight of the evidence. In our opinion the proof justified the finding that the document in suit was not the note executed on June 30, 1924, by defendant corporation, pursuant to the authority conferred upon its officers so to do, and that the judgment is right.

*Judgment affirmed.*